CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT - 1 2012
JULIA C. DUDLEY, CLERK
BY: /s/ M. Hopp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:02-cr-00001-1 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| RICKY LYNN KASEY, | ) | By:  Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Ricky Lynn Kasey, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, I dismiss the motion as untimely filed.

## I.

I entered petitioner's criminal judgment on July 31, 2002, sentencing petitioner to, inter alia, 180 months' incarceration for two counts of violating 18 U.S.C. § 922(g)(1) and § 924(e)(1). The Fourth Circuit Court of Appeals affirmed the judgment, and the United States Supreme Court denied a petition for a writ of certiorari in October 2003.

Petitioner filed the instant § 2255 motion in August 2012. The court conditionally filed the motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Petitioner argues that the § 2255 motion is timely filed within one year of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and that, alternatively, equitable tolling should apply.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady,

456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing a motion, pursuant to 28 U.S.C. § 2255, within the one-year statute of limitations. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in October 2003 when the Supreme Court of the United States denied his petition for a writ of certiorari. See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), petitioner had until October 2004 to timely file his § 2255 motion. However, he did not file the instant motion until August 2012. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Petitioner argues that his motion should be considered timely filed because Simmons triggers the filing period. See id. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, § 2255(f)(3) specifically applies only to rights newly recognized by a decision from the United States Supreme Court, not a decision by a United States Court of

2

Appeals.[1] Thus, Simmons does not affect the statute of limitations, and petitioner filed the instant motion more than one year after October 2003.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstances in the record that prevented petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed his § 2255 motion beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

## III.

For the foregoing reasons, petitioner's 28 U.S.C. § 2255 motion is dismissed as untimely filed, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Based upon my finding

---

[1] Simmons is based on the Supreme Court of the United States' decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2586-87 (2010). Petitioner's § 2255 motion would be untimely even if he argued that Carachuri-Rosendo was the Supreme Court's decision that started his limitations period, pursuant to § 2254(f)(3). Carachuri-Rosendo was issued on June 14, 2010, and petitioner had until June 14, 2011, to challenge his sentence pursuant to its holding. Furthermore, I have not found any court's decision finding that Carachuri-Rosendo applies retroactively to § 2255 proceedings. See, e.g., United States v. Powell, No. 11-6152, 2012 U.S. App. LEXIS 17485, 2012 WL 3553630 *5 (4th Cir. Aug. 20, 2012) (holding that Carachuri-Rosendo does not retroactively apply to § 2255 proceedings).

that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 1st day of October, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge